*1415 OPINION.
Siefkin :
Section 219 (e) of the Revenue Act of 1924 provides that the beneficiary of a trust must include, in computing his net income, “ the income of the estate or trust for its taxable year ending within his taxable year.”
The argument of the petitioners is that the beneficiary of a trust has no constructive receipt of the income of the trust until it is paid to him. In this respect they say the former position of the respondent making an analogy between beneficiaries of a trust and members of a partnership is erroneous, and they point out that recently a ruling of the respondent has admitted that no such analogy exists. See General Counsel’s Memorandum 5735, appearing in Internal Revenue Bulletin of February 11, 1929.
That admission, however, does not help the petitioners’ cause upon the facts before us. The facts alleged in the petitions are merely that the petitioners “for the fiscal year ended February 28, 1924, * * * received from said estate [or trust] income * * Upon the facts alleged and admitted we are unable to say what portions of the amounts received were received in 1923, 1924, or 1925. If we are not to indulge in the analogy of the trust to the partnership but must, under the statute, examine into the actual time of payment to'the beneficiaries, we are left with no evidence as to such time of payment which would lead us to say that the respondent’s action was *1416 erroneous. The extent to which the statute goes is merely that the amount of the income from the estate or trust for its taxable year ending within his taxable year, shall be included. Counsel on both sides concede that there is no statutory provision prescribing the rate of surtax on such amount. The respondent has presumably assumed that it accrued or was paid ratably over the period. We have no evidence to show that he was wrong.

Judgment will be entered for the respondent.